BRILL, APPELLANT, *v.* GOODYEAR TIRE & RUBBER COMPANY, APPELLEE.

(No. 11576—Decided May 9, 1984.)

Ms. *Kerry B. DeWolfe,* for appellant.
Mr. *David P. Bertsch* and *Mr. Charles E. Pierson,* for appellee.

MAHONEY, J. Plaintiff-appellant, Mark Brill, appeals a trial court order granting summary judgment in favor of defendant-appellee, Goodyear Tire & Rubber Co. ("Goodyear"). We affirm.

On June 7, 1980, Brill, an employee of Carter Building and Maintenance Co. ("Carter"), was roofing a building owned by Goodyear. Brill was carrying buckets of hot asphalt from one area of the roof to another. At the same time, a fellow Carter employee was applying primer to the roof. While carrying two buckets of hot asphalt, Brill slipped on a patch of wet primer, and his left arm was plunged into one of the buckets. Brill sustained third degree burns to his hand and arm.

Brill filed suit against Carter and Goodyear. Carter was voluntarily dismissed. The trial court granted Goodyear's motion for summary judgment.

## Assignment of Error

"Whether the trial court erred to the prejudice of the plaintiff-appellant by granting defendant-appellee's motion for summary judgment where reasonable minds could reach different conclusions as to whether the defendant-appellee was an employer as defined by Ohio Revised Code § 4101.01(C) and whether defendant-appellee owed a duty to the plaintiff-appellant to provide a safe place of employment and appropriate protective clothing and whether any such duty was breached."

Brill argues that Goodyear's duty stems from R.C. 4101.11 which states:

"Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and

welfare of such employees and frequenters."

Brill's answers to interrogatories indicate the following facts. Carter was under contract with Goodyear to do the roofing work. Carter paid Brill's wages, and Carter's foreman supervised and controlled Brill's work. Goodyear controlled the application of roofing materials only to the extent of insuring that the job specifications stated in the contract were met. Thus, as a matter of law, Goodyear and Brill were not involved in an employer-employee relationship as defined in R.C. 4101.01(C) and (D). Since Brill was employed by Carter, Goodyear had no duty to furnish safety equipment. See 35 Ohio Jurisprudence 2d (1959) 620, Master and Servant, Section 2.

At most Brill was a frequenter. With respect to frequenters, R.C. 4101.11 and 4101.12 do not exact a duty substantially different from that imposed generally by Ohio law upon an owner of property towards an invitee. *Ford Motor Co.* v. *Tomlinson* (C.A. 6, 1956), 229 F. 2d 873, 879 [59 O.O. 345]. Thus, Goodyear's only possible duty to Brill involved providing a safe place of employment. There is nothing in the record to indicate that the roof itself was unsafe. Rather, Brill admits that he slipped on wet primer applied by a fellow Carter employee. Thus, Goodyear cannot be held liable for Brill's injuries. See *Schwarz* v. *General Electric Realty Corp.* (1955), 163 Ohio St. 354 [56 O.O. 319], paragraph two of the syllabus.

We overrule appellant's assignment of error and affirm the judgment.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.