McCONVILLE et al., Appellants,

v.

JACKSON COMFORT SYSTEMS, INC. et al., Appellees.

[Cite as *McConville v. Jackson Comfort Sys., Inc.* (1994), 95 Ohio App.3d 297.]

Court of Appeals of Ohio,
Summit County.

No. 16557.

Decided June 22, 1994.

298

*Robert Pecchio,* for appellants.

*Robert Drexler, Tom Loepp* and *David Fagnilli,* for appellees.

COOK, Judge.

In this personal injury action, Thomas McConville appeals the trial court's granting summary judgment to General Electric Company ("GE"), Jackson Comfort Systems, Inc. ("Jackson Comfort"), and Stamm Contracting Company ("Stamm Contracting"). McConville contends that summary judgment was inappropriate (1) for GE, the plant owner, because McConville was not engaged in an inherently dangerous activity and GE actively participated in the project; (2) for Jackson Comfort, the subcontractor, because it knew that the conditions were unsafe for McConville; and (3) for Stamm Contracting, the general contractor, because the action was originally commenced within the time allowed by the statute of limitations. We affirm because (1) McConville was engaged in an inherently dangerous activity and GE did not actively participate in the critical acts resulting in McConville's injury; (2) the submitted evidence did not show that McConville's injury was a substantial certainty; and (3) the action was not properly commenced against Stamm Contracting.

1. *Facts*

As this appeal is before this court on an appeal of a summary judgment, the following are the undisputed facts. GE contracted with Stamm Contracting for construction work at its Ravenna facility. Stamm then hired Jackson Comfort to install the heating and air conditioning system. On February 8, 1990, McConville worked for Jackson Comfort at GE's facility. On that day, McConville and another Jackson employee worked from scaffolding about thirty feet above the ground. During the afternoon, McConville became dizzy, lost his balance and fell to the concrete floor. McConville had not been utilizing any safety equipment.

McConville contends that the fall was caused because he was overcome by exhaust fumes from welding that was being conducted beneath him. McConville contends that although he detected the fumes from the welding operation and noticed that the fumes were intensifying, he did not put on a ventilation oxygen mask, which was in his truck.

In January 1992, McConville sued GE, Jackson Comfort and two John Does. He claimed that GE was negligent in exposing him to unsafe work conditions, that Jackson Comfort committed an intentional tort against him and that the general contractor was also negligent. McConville amended his complaint to show that the general contractor was Stamm Construction Company, not Stamm Contracting Company. McConville then voluntarily dismissed his suit. Seven months later, McConville refiled his complaint and GE, Jackson Comfort and Stamm Contracting each moved for summary judgment, which the trial court granted.

McConville now appeals, asserting three assignments of error.

2. *Summary Judgment Standard*

█ In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122.

Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

## Assignment of Error One

"The trial court erred in granting summary judgment in favor of defendant-appellee, General Electric Company, because reasonable minds may conclude that defendant-appellee, G.E., was negligent, and thus, breached its duty to the plaintiff-appellant, Thomas McConville."

With this assignment of error, McConville asserts that the trial court erred in granting GE summary judgment because under the frequenter statute, R.C. 4101.11, GE had a duty to keep the working conditions at the facility safe. McConville also contends that even if the frequenter statute does not apply, GE had a common-law duty to McConville as a business invitee. "R.C. 4101.11 is the codification of the common-law duty that owners of properties owe their invitees

to keep the premises in a safe condition and to warn of dangers of which the owner has knowledge." *Best v. Energized Substation Serv., Inc.* (1993), 88 Ohio App.3d 109, 113–114, 623 N.E.2d 158, 161; see, also, *Brill v. Goodyear Tire & Rubber Co.* (1984), 16 Ohio App.3d 307, 308, 16 OBR 338, 339, 475 N.E.2d 1307, 1308. Thus, we will address this assignment of error under that statute.

Under the frequenter statute, "[e]very employer * * * shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof." R.C. 4101.11. The term "frequenter" is defined by R.C. 4101.01(E) as "every person, other than an employee, who may go in or be in a place of employment under circumstances which render him other than a trespasser." That definition includes employees of an independent contractor. *Eicher v. United States Steel Corp.* (1987), 32 Ohio St.3d 248, 512 N.E.2d 1165. However, the duty mandated by the frequenter statute does not extend to hazards which are inherently and necessarily present because of the nature of the work performed, where the frequenter is the employee of an independent contractor. *Id.* at syllabus. Falling thirty feet to the ground from a scaffold while installing a heating and ventilating system is a hazard inherently and necessarily present because of the nature of the work.

GE, however, would still owe McConville a duty of care if GE actively participated in the job operation. *Cafferkey v. Turner Constr. Co.* (1986), 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, syllabus, explaining and limiting *Hirschbach v. Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St.3d 206, 6 OBR 259, 452 N.E.2d 326. To "actively participate" the premises owner must have given or denied permission for the critical acts resulting in the employee's injury. *Cafferkey,* 21 Ohio St.3d at 112, 21 OBR at 418, 488 N.E.2d at 192. Moreover, a supervisory role, in and of itself, does not rise to the level of active participation. *Id.* at 113, 21 OBR at 419, 488 N.E.2d at 192.

In this case, McConville asserts that GE actively participated because the contract between GE and Stamm required Stamm to ensure compliance with GE safety policies and procedures. A concern for safety does not constitute active participation. *Best, supra,* 88 Ohio App.3d at 114, 623 N.E.2d at 161. McConville did not produce any evidence showing that GE gave or denied permission for the critical acts which resulted in his injury; therefore, the trial court did not err in granting GE summary judgment.

The first assignment of error is overruled.

## Assignment of Error Two

"The trial court erred in granting summary judgment in favor of defendant-appellee, Jackson, because reasonable minds may conclude that defendant-

appellee, Jackson, intentionally harmed Mr. McConville when it knowingly ordered him to work thirty (30) feet up on an unsafe scaffolding with no training, no supervision and no safety equipment, and, given these conditions, an accident such as the one that happened to Mr. McConville was substantially certain to occur."

■ With this assignment of error, McConville argues that a material issue of fact exists as to whether Jackson Comfort committed an intentional tort against McConville, and that summary judgment was, therefore, inappropriate. In order to prove that an intentional tort was committed against an employee, the employee must prove "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, paragraph one of the syllabus.

■ To withstand a motion for summary judgment, the injured employee must set forth specific facts that raise a genuine issue as to each part of the *Fyffe* three-prong test. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus. The burden is upon the plaintiff to establish an employer intentional tort by proof beyond that required to prove negligence and beyond that necessary to prove recklessness. *Fyffe, supra,* paragraph two of the syllabus; *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 631, 576 N.E.2d 722, 727. An employer cannot be expected to anticipate an employee's actions that lead to an injury where that employee has alternative means of proceeding available to him. *Van Fossen, supra,* 36 Ohio St.3d at 118, 522 N.E.2d at 505.

■ In this case, we do not believe that McConville has demonstrated the existence of a genuine issue of material fact as to the second prong of the intentional tort test. In order to show that Jackson Comfort had knowledge that harm to its employees was a substantial certainty, McConville would have had to demonstrate that Jackson Comfort had "actual knowledge of the exact dangers which ultimately caused injury." *Sanek v. Duracote Corp.* (1989), 43 Ohio St.3d 169, 172, 539 N.E.2d 1114, 1117. McConville contends that Jackson Comfort did not train him in how to work on scaffolding and did not provide any supervision. McConville, however, also contends that the reason that he fell was because of fumes from the welders below the scaffold. The evidence produced demonstrated that while Jackson Comfort employees were not required to wear safety equip-

ment, safety equipment was provided. Further, oxygen ventilation masks were also available to McConville and as only McConville and one other Jackson Comfort employee were at the facility, Jackson Comfort did not know that the welders' fumes would cause McConville to become dizzy. Thus, the totality of the evidence presented fails to demonstrate that Jackson Comfort knew this injury was a substantial certainty.

The second assignment of error is overruled.

### Assignment of Error Three

"The trial court erred in granting summary judgment in favor of defendant-appellee Stamm because plaintiffs-appellants filed their action against defendant-appellee Stamm within the applicable statute of limitations."

With this assignment of error, McConville contends that he properly commenced the prior action against Stamm Contracting within the time prescribed by the statute of limitations. McConville instituted the prior action against Stamm Contracting by using the fictitious name John Doe, general contractor. Civ.R. 15(D) states:

"When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."

"Civ.R. 15(D) specifically requires that the summons [of the original complaint] *must* be served personally upon the defendant." *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 58, 537 N.E.2d 208, 209. In the prior action, there was never any personal service of the original complaint. Service of the amended complaint was accomplished by way of certified mail. That amended complaint was filed beyond the expiration date of the statute of limitations. Thus, the specific requirements of Civ.R. 15(D) and 3(A) having not been met, McConville did not properly commence the prior action against Stamm Contracting within the time allowed by the applicable statute of limitations.[1] The trial court, therefore, did not err in granting Stamm Contracting summary judgment in this action.

---

1. Stamm Contracting also contends that McConville did not properly commence the suit because in both the prior action's amended complaint and in this action's complaint, McConville named the defendant as Stamm Construction Co. and not Stamm Contracting Company. We, however, do not reach this argument, because, McConville did not properly commence the prior action under Civ.R. 3(A) and 15(D).

The third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.