Plaintiff-appellant Joyce Schafer appeals an order granting defendants-appellees Milorad and Olga Milovancev and Crookston Endless Spouting ("Crookston") summary judgment. We affirm.
 I.
On February 23, 1993, Schafer slipped and fell on the front porch of a house that her son was leasing from the Milovancevs. Schafer claimed that she had slipped on an unnatural accumulation of ice that had formed from water that had overflowed from a downspout and gutters that were negligently designed and installed. Crookston had installed the downspout and gutters.
Schafer filed suit against the Milovancevs and Crookston. Both defendants filed motions for summary judgment. The trial court granted both motions, and Schafer timely appealed.
 II.
Schafer raises one assignment of error: "The trial Court erred in granting Defendants' Motions for summary judgment based upon the evidence presented as a genuine issue of material fact existed." We disagree.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the non-moving party. Id.
It is well established in Ohio that "[a] homeowner has no common-law duty to remove or make less hazardous a naturalaccumulation of ice and snow on private sidewalks or walkways on the homeowner's premises, or to warn those who enter upon the premises of the inherent dangers presented by naturalaccumulations of ice and snow." (Emphasis added.) Brinkman v.Ross (1993), 68 Ohio St.3d 82, syllabus. Additionally, the Supreme Court has held that "R.C. 5321.04(A)(3) does not impose a duty on landlords to keep common areas of the leased premises clear of natural accumulations of ice and snow." (Emphasis added.) LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, syllabus. Thus, the parties agree that the issue on appeal is whether there is a material issue of fact concerning the existence of an unnatural accumulation of ice.
In regard to that issue, Schafer points primarily to an expert report prepared by an architect named Scott Lukens. The trial court rejected the report because it was based on speculation. Lukens had examined the downspout and gutters and concluded that the "downspout could back up during moderate to heavy rains which could prohibit the adequate flow of water within the gutter, causing the gutter to overflow. During freezing conditions, the overflow of the gutter could freeze on the stoop directly below." (Emphasis added.) Also, Schafer points to uncontroverted evidence that there was ice on the porch at the time that she fell.
However, the record contains no evidence that would show that the accumulation of ice was actually the result of a faulty downspout and gutters. There is no evidence that snow or ice had actually thawed, had dripped over the gutter, and had frozen on the porch prior to Schafer's fall; Lukens could only conclude that this was a possibility, not that it had actually happened. There is no evidence that the weather had been sufficiently warm to melt the snow and ice and create the condition described by Lukens. Schafer testified that the day was overcast but dry and that the driveway and sidewalks were dry, for the most part. Schafer did not know what the temperature was that day. Schafer's son testified that it was "very cold and there was ice around the whole area." Thus, the evidence fails to raise an issue of fact as to whether the accumulation of ice on the porch resulted unnaturally from water dripping over the gutters.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 --------------------- DANIEL B. QUILLIN FOR THE COURT
SLABY, P. J., BAIRD, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
APPEARANCES:
MICHAEL T. BUTTS, Attorney at Law, for Appellant.
MATTHEW J. GRIMM, Attorney at Law, for Appellees, Milorad and Olga Milovancev.
BRUCE H. WILSON, Attorney at Law, for Appellee, Crookston Endless Spouting Co., nka Thomas Crookston.