DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Christine Gerbig appeals an order granting summary judgment in favor of appellee-defendant Kathleen Wilcox. This Court affirms.
On the afternoon of February 3, 1995, Gerbig was taking a walk in her neighborhood in Akron, Ohio. The weather was mild, and the sidewalks she encountered were clean. As Gerbig walked down the sidewalk on Castle Boulevard, she came upon an accumulation of ice and mud across the sidewalk on the property owned by Wilcox. Gerbig attempted to circumvent the hazard by walking along the edge of the icy sidewalk. Nonetheless, she slipped and injured her right knee.
Gerbig filed a complaint in the Summit County Court of Common Pleas on January 23, 1997, alleging that Wilcox was negligent in the maintenance of the sidewalk. Wilcox answered. On February 19, 1998, Wilcox moved for summary judgment. In support of the motion, Wilcox relied on portions of Gerbig's deposition testimony.
On March 19, 1998, Gerbig moved for an enlargement of time to respond to Wilcox's summary judgment motion. The motion for enlargement of time stated that the reason for the request was that Gerbig's counsel would be out of town and would not be able to respond until March 23, 1998. The trial court did not rule on this motion.
On March 23, 1998, Gerbig responded to the summary judgment motion. Gerbig presented two arguments as to why summary judgment should not be granted. Gerber first argued that there were genuine issues of material fact as to whether the accumulations of ice were unnatural. She also argued that there were genuine issues of material fact as to whether Wilcox had notice of the conditions that created the ice. Within the text of her response, Gerbig stated:
 Summary Judgment is not appropriate at this time due to the fact that all discovery has not yet been completed.
 * * * It is well settled that when a motion for summary judgment is filed prior to the completion of substantial discovery, the non-moving party should be granted an extension of time upon request pursuant to Civ.R. 56(F) [sic] in order that he may conduct discovery for preparation of rebutting affidavits.
 At this juncture, Plaintiff has not yet deposed Defendant Kathleen Wilcox. Plaintiff intends to proceed with this discovery deposition in the near future. Defendant Wilcox's deposition will assist the Plaintiffs [sic] case. An affidavit from counsel stating these facts is attached hereto and made a part hereof.
(Citation omitted.) The affidavit of Gerbig's counsel also reiterated that he intended to depose Wilcox "in the near future."
On April 30, 1998, the trial court granted Wilcox's summary judgment motion. No comment was made on Gerbig's request that summary judgment not be granted until Wilcox could be deposed. Gerbig now appeals to this Court.
 II.
Gerbig's first assignment of error states:
 The Court erred and abused its discretion when it Granted Defendant's Motion for Summary Judgment.
Gerbig argues that the trial court erred by granting summary judgment in favor of Wilcox. She contends that genuine issues of material fact remain as to whether the ice and mud were an unnatural accumulation.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the nonmoving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Id.; Civ.R. 56(E).
A plaintiff alleging negligence must prove "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." Cooperiderv. Peterseim (1995), 103 Ohio App.3d 476, 479. Whether a duty exists is a question of law for the court. See Cogar v. ScheetzConstr. Co. (Jan. 14, 1998), Summit App. No. 18501, unreported.
This Court concludes that Wilcox owed no duty to Gerbig with respect to the ice on the sidewalk. An owner does not have a duty to protect against open and obvious dangers. Ragan v. Norton Co.
(Aug. 20, 1997), Summit App. No. 18111, unreported, citing Simmersv. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 48-49; and Englehardt v.Philipps (1939), 136 Ohio St. 73, 78. The evidence before the trial court in the case at bar shows that any ice was open and obvious and that Gerbig was well aware of its presence. The fact that she tried to traverse the ice on the edge of the sidewalk, as opposed to the center, is of no consequence. Viewing the evidence in a light most favorable to Gerbig, the only conclusion that may be reached is that the hazard was an open and obvious danger. As such, Wilcox is not liable to Gerbig, and the trial court correctly granted summary judgment. Gerbig's first assignment of error is overruled.
 III.
Gerbig's second assignment of error states:
 The Trial Court erred and abused its discretion when it failed to hold Defendant's Motion for Summary Judgment in abeyance pursuant to Ohio Rule of Civil Procedure 56 (F) due to incomplete discovery.
Gerbig argues that the trial court erred by ruling on the summary judgment motion when discovery was not yet completed. She asserts that the trial court should have delayed its ruling, pursuant to Civ.R. 56(F).
A party opposing a motion for summary judgment may have a ruling on the motion deferred until sufficient discovery may be had. See Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121, 123; Civ.R. 56(F). This Court reviews a trial court's discovery rulings under an abuse of discretion standard. Tracy v. MerrellDow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152. An abuse of discretion is more than an error of judgment; it demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
In the case at bar, the circumstances demonstrate that the trial court did not abuse its discretion by denying Gerbig's request.[1] When Gerbig initially requested an extension of time for filing her response to the motion for summary judgment, the only reason given was the absence of counsel. The request to stay a ruling on the motion for summary judgment was contained in the body of Gerbig's memorandum in opposition to summary judgment, not in a separate motion. Gerbig did not state a specific length of time needed to depose Wilcox, but only indicated that the deposition would be taken "in the near future." At the time the trial court ruled on the summary judgment motion, Gerbig had still not made any efforts to actually depose Wilcox. Under these circumstances, the trial court's actions did not display perversity of will, partiality, prejudice, or the like. Accordingly, Gerbig's second assignment of error is overruled.
 IV.
Gerbig's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DONNA J. CARR, FOR THE COURT
REECE, P. J., CONCURS
[1] "[W]hen a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469.