Appellant-plaintiff Jay E. Gerry appeals an order granting summary judgment in favor of appellee-defendant Saalfield Square Properties ("Saalfield"). This Court affirms.
 I.
Gerry is an employee of Network Office Clearinghouse ("NOC"). NOC leases space in a building owned by Saalfield. As part of his work duties, Gerry would frequently use a freight elevator in the building. The elevator has two sets of doors. One is an exterior set of doors that come together from the top and bottom of the elevator (instead of from the sides). The second is an interior wooden gate that comes down from the top to the floor; this door is held in place by a cable pulley system. Both the exterior door and the interior gate must be pulled closed before the elevator is operable.
On August 24, 1995, Gerry entered the elevator and closed the exterior doors. As he closed the interior gate, it suddenly fell freely. The force of the gate pulled Gerry to the floor, injuring him. The cause of the gate's sudden freefall was surmised to be a failure in the cable pulley system.
Gerry filed a complaint against Saalfield in the Summit County Court of Common Pleas on January 22, 1997. Gerry alleged that Saalfield committed negligence by breaching its duty to maintain the common areas of the building, namely the freight elevator, and Gerry was injured thereby. Saalfield answered. On February 2, 1998, Saalfield moved for summary judgment. Saalfield argued that it did not have notice of any problem with the freight elevator and therefore was not liable. Saalfield submitted evidence in support of its motion from Gerry's deposition and an affidavit from the manager of the building where the injury occurred.
In opposing the motion for summary judgment, Gerry submitted an affidavit from Ron Heckard, a co-worker of Gerry at NOC. Paragraph six of the affidavit stated: "After the accident, I spoke with Defendant's maintenance man, to whom I referred to [sic] as 'Little Steve,' and learned that the safety gate cable had come off its pulley in the past when others had flung the door open." Gerry argued that the Heckard affidavit showed a genuine issue of material fact as to whether Saalfield had notice of problems with the freight elevator.
The trial court issued its decision on June 2, 1998. The trial court found that paragraph six of the Heckard affidavit was inadmissible hearsay and therefore could not be considered under Civ.R. 56(E). The trial court then granted Saalfield's motion for summary judgment. Gerry now appeals to this Court.
 II.
Gerry's sole assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT NO ISSUES OF FACT REMAINED FOR TRIAL.
Gerry argues that the trial court erred by excluding paragraph six of the Heckard affidavit as hearsay. He contends that the statement from "Little Steve" is an admission by a party-opponent under Evid.R. 801(D)(2)(d) and is therefore not hearsay. Gerry also argues that the Heckard paragraph created a genuine issue of material fact that precluded summary judgment.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the non-moving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Id. at 293.
The parties agree that Gerry was a business invitee of Saalfield. Therefore, Saalfield owed Gerry a duty "to keep [the] premises in a reasonably safe condition and to give warnings of latent or concealed perils of which [it] has, or should have, knowledge." Westwood v. Thrifty Boy (1972),29 Ohio St.2d 84, 86-87. The issue before this Court becomes whether Saalfield knew or should have known of problems with the freight elevator that injured Gerry.
Statements in affidavits that would otherwise be inadmissible at trial are to be excluded on summary judgment.Wall v. Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313,335. In the case at bar, the trial court excluded paragraph six of the Heckard affidavit as hearsay. Gerry argues that it is not hearsay under Evid.R. 801(D)(2)(d): "A statement is not hearsay if * * * [t]he statement is offered against a party and is * * * a statement by his * * * servant concerning a matter within the scope of his * * * employment, made during the existence of the relationship[.]"
Gerry bore the burden of demonstrating that the statement concerned a matter within the scope of the employment of the declarant, "Little Steve." Brock v. Gen. Elec. Co. (Jan. 30, 1998), Hamilton App. No. C-970042, unreported, 1998 Ohio App. LEXIS 251, at *12-*13. The only evidence in the record is that "Little Steve" was a maintenance man employed by Saalfield. There is no evidence that the maintenance of the freight elevator was within the scope of employment of "Little Steve." Absent such evidence, the statement is inadmissible hearsay. See Shumway v. Seaway Foodtown, Inc. (Feb. 24, 1998), Crawford App. No. 3-97-17, unreported, 1998 Ohio App. LEXIS 1131, at *6-*7 (statements of supermarket cashier as to whether store's freezer had recently experienced problems not within Evid.R. 801[D][2][d] absent evidence that freezer maintenance was within scope of cashier's employment); Brock, supra, at *13 (statements of supervisor as to cause for employee's termination not within Evid.R. 801[D][2][d] absent evidence that supervisor had any input into decision to terminate employee). See, also, Hill v. Spiegel, Inc. (C.A.6 1983),708 F.2d 233, 237 (statements by "managers" not within Fed.R.Evid.801[d][2][D] where no evidence that managers had input into termination of employee).
This Court concludes that the trial court properly excluded paragraph six of the Heckard affidavit as hearsay. As such, there is no evidence that would create a genuine issue of material fact as to whether Saalfield had notice of any problems with the freight elevator. The only conclusion derived from the evidence is that Saalfield did not breach its duty toward Gerry. Therefore, the trial court did not err by granting summary judgment in favor of Saalfield, and Gerry's assignment of error is overruled.
 III.
Gerry's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- JOHN W. REECE FOR THE COURT
DICKINSON, J., CONCURS