DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Robert Gonczy appeals an order granting summary judgment to appellees-defendants Dorothy Tector and James Miller. This Court affirms.
 I.
In September 1994, Miller's mother Tector left town on vacation and gave Miller permission to use her automobile while she was gone. On September 15, 1994, Miller used the automobile to drive to work at the Bayou Cafe. Miller's girlfriend Tanya Tomlinson also worked at the Bayou Cafe.
After working his shift, Miller stayed at the bar and had some drinks with Tomlinson. While drinking at the bar, Miller met co-defendant James Pierce for the first time. Pierce was accompanied by an unidentified female. After talking for a period of time, Miller and Pierce decided to take their female companions back to Miller's house. Miller felt that he had had too much to drink, so he had Tomlinson drive Tector's automobile back to his house. Pierce and the unidentified female followed in a separate automobile.
Upon arriving at Miller's house, the group consumed some alcoholic beverages and socialized for a period of time. At some point, Pierce informed Miller that the alcoholic beverages were nearly finished. Pierce offered to get some additional alcoholic beverages and Miller acquiesced.
The next morning, Miller noticed that Tector's automobile was damaged. Miller eventually discovered that Pierce had taken Tector's automobile when he left the house to purchase the alcoholic beverages and that Pierce had hit something during the trip. Tector first learned of these events when she returned home the next week.
Approximately two years later, Gonczy filed suit against Tector, Miller, Pierce, and a John Doe defendant, claiming that he had been struck by Tector's automobile on the night of September 15, 1994. Gonczy argued that Pierce was liable for negligently operating the automobile and that Tector and Miller were liable for negligently entrusting the automobile to Pierce. Default judgment was entered against Pierce for failure to answer the complaint, the John Doe defendant was dismissed for failure of service, and Tector and Miller were granted summary judgment. Gonczy timely appeals the order granting summary judgment to Tector and Miller.
 II.
Gonczy's first and second assignments of error both relate to the claim of negligent entrustment. They state:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT MILLER AND DEFENDANT TECTOR WHEN DEFENDANT PIERCE DROVE DEFENDANT TECTOR'S VEHICLE WITH EXPRESS OR IMPLIED PERMISSION OF DEFENDANT MILLER.
 II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT MILLER AND DEFENDANT TECTOR WHEN THE DEFENDANTS NEGLIGENTLY ENTRUSTED THEIR VEHICLE TO DEFENDANT PIERCE.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the non-moving party. Id.
It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact. Id. at 293; Civ.R. 56(E).
The parties agree that permissive use of an automobile is an element of a claim of negligent entrustment. See Gulla v. Straus
(1950), 154 Ohio St. 193, 201. Therefore, Gonczy's first and second assignments of error both require that this Court address the issue of whether Pierce had permission to drive Tector's automobile.
Although Tector and Miller moved separately for summary judgment, their arguments regarding the issue of whether Pierce had permission to drive the automobile were identical. Tector and Miller both directed the trial court's attention to pages twenty-eight to thirty-one and pages thirty-seven to thirty-eight of Miller's deposition. The specified portions of Miller's deposition state:
 A. And the question came up about wine coolers and he offered to go and the next thing I knew, he was gone and I didn't know he took the car.
Q. What did he say?
 A. I thought he was taking the [unidentified female]'s car.
* * *
 Q. Did he ask you any directions on where to go to get [the wine coolers]?
 A. No. He didn't ask me for the car. He didn't ask me directions. He didn't ask anything.
* * *
Q. And you knew that he did not have a car there?
A. Yes.
* * *
 Q. Where was the [unidentified female]'s car parked?
 A. The driveway goes in, goes to the left and there's a shed there. She went and parked straight, I went in the garage, so either car could.
Q. So either car was clear to move? Yes or no?
A. Yes.
* * *
 Q. Did you ever tell, that evening before Pierce left, did you ever tell him not to take your mother's car?
 A. No. I didn't think he would. I didn't think it was necessary for you to tell somebody to not take something without permission.
* * *
Q. Were you shouting through the door?
 A. I wasn't, Tanya came in and said, "We need wine coolers." Then she came back and said, "He's going." I said, "Fine."
Q. And did you say okay?
A. Yeah, but she didn't say he was taking the car.
 Q. Did she say one way or the other whether or not he was taking your car?
A. No. No.
Based on this deposition testimony, Tector and Miller argued that there was no evidence showing that Miller gave Pierce permission to use Tector's automobile.
Gonczy responded by pointing to page thirty of Miller's deposition wherein Miller stated that he knew that Pierce did not have an automobile. Gonczy argued that, because Miller knew that Pierce was leaving to purchase more alcoholic beverages and knew that Pierce did not have an automobile, it could be implied that Miller had given Pierce permission to drive Tector's automobile when Miller acquiesced in Pierce's decision to purchase more alcoholic beverages.
Viewing the evidence in a light most favorable to Gonczy, this Court finds that summary judgment was appropriate. No reasonable mind could conclude from the evidentiary materials that were submitted to the trial court that Miller had given Pierce permission to drive Tector's automobile. In the deposition transcripts that were submitted to the trial court, Miller unequivocally states that he never gave Pierce permission to drive Tector's automobile and did not know that Pierce had done so. Gonczy's only argument to the contrary is based on the observation that Pierce did not have an automobile of his own. However, Miller testified that Pierce was driven to Miller's house in a second automobile by Pierce's unidentified female friend and that this second automobile was also clear to move. Based on these facts, any reasonable person would assume that Pierce was taking the second automobile that he had arrived in, not Tector's automobile. Because there is no genuine issue of material fact as to whether Pierce had permission to use Tector's automobile, summary judgment was appropriate on the negligent entrustment claim.
Additionally, Gonczy raises a new argument on appeal. In his appellate brief, Gonczy directs this Court's attention to page forty of Miller's deposition, wherein Miller allegedly testified that he had told an automobile mechanic that Tector's automobile had been damaged when he "lent" it to somebody. Gonczy argues that this statement creates a genuine issue of fact as to whether Pierce had permission to drive Tector's automobile. However, Gonczy never directed the trial court's attention to page forty of Miller's deposition and never submitted page forty of Miller's deposition to the trial court. The portion of Miller's deposition that was attached to Tector's and Miller's summary judgment motions ended at page thirty-eight. Therefore, page forty of Miller's deposition is not a part of the record. This Court has previously held that it will not add evidentiary materials to the record on appeal. Loeschner v. Clark Material Handling Co. (Sept. 16, 1998), Lorain App. No. 97CA006856, unreported. As such, this Court is precluded from addressing this argument.
In conclusion, Gonczy failed to provide the trial court with evidentiary materials demonstrating the existence of a genuine issue of material fact on the issue of whether Pierce had permission to use Tector's automobile. As such, Gonczy's first and second assignments of error are not well taken.
 III.
Gonczy's third assignment of error states:
 III. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT MILLER AND DEFENDANT TECTOR WHEN DEFENDANT PIERCE WAS ACTING AS AN AGENT OF DEFENDANT MILLER WHEN PIERCE COMMITTED NEGLIGENCE.
The Supreme Court of Ohio has held that "[t]he relationship of principal and agent * * * exists only when one party exercisesthe right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks." (Emphasis added.) Hanson v. Kynast (1986),24 Ohio St.3d 171, paragraph one of the syllabus. Based on the evidentiary materials set forth above, no reasonable mind could conclude that Miller exercised a right of control over the actions of Pierce. The third assignment of error is not well taken.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR