OPINION
Plaintiff-appellant Edward Shuman appeals the March 8, 1999 Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of defendants-appellees, Detroit Diesel, and the Timken Company (hereinafter collectively referred to as "appellees").
 STATEMENT OF THE CASE AND FACTS
On September 13, 1995, appellant sustained serious injuries in an industrial accident. Appellant, a roofer employed by R.G. Smith, tripped and fell through a skylight while working on a roof at the Detroit Diesel facility. Detroit Diesel had hired R.G. Smith as an independent contractor to repair and replace the roof of a building Detroit Diesel leased from the Timken Company. Immediately before the accident, appellant was applying adhesive to the roof. This was a two person operation; one person operated an applicator while the other person guided a hose which fed adhesive into the applicator. Appellant was guiding the hose. Appellant was very familiar with the job. In fact, he had performed the same job on the same roof without incident the day before the accident. Unfortunately, while walking backward and guiding the hose, he tripped over a raised skylight. The weight of his body shattered the window and appellant fell to the ground sustaining serious injuries. On September 12, 1997, appellant filed this action against R.G. Smith Company, Inc.; Safety Systems, Inc.; Construction Industry Service Program of Greater Cleveland; the Timken Company; S.L. Company LLC; Detroit Diesel; Naturalite; and John Doe Manufacturing Company. Appellant subsequently dismissed each of the named defendants with the exception of R.G. Smith, Detroit Diesel, and the Timken Company. Prior to filing this appeal, appellant entered into a settlement agreement with R.G. Smith. On December 18, 1998, Detroit Diesel filed a Motion for Summary Judgment. On January 19, 1999, The Timken Company filed its Motion for Summary Judgment. In a March 8, 1999 Judgment Entry, the trial court granted both motions. It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING THE DEFENDANTS'-APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Appellant's sole assignment of error advances two separate arguments. First appellant argues he was a frequenter on the premises as defined by R.C. 4101.1. As such, Detroit Diesel was required to provide a safe environment in which appellant could work. Second, appellant maintains he was an invitee on the premises owned by the Timken Company. Appellant argues in either situation, each appellee had superior knowledge of the dangers inherent in the skylights on the premises, and therefore each appellee had a duty to warn appellant about the skylights. We disagree. A property owner has no duty to inform an invitee about open and obvious dangers on the property. The open and obvious natures of the hazzard itself serves as the warning. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642. Further, R.C.4101.11, the "frequenter statute," provides in pertinent part: Every employer * * * shall furnish a place of employment which shall be safe for * * * frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such frequenters.
The duty owed to frequenters is no more than a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring the owner or occupier to keep the premises in a reasonably safe condition, and provide warning of dangers of which he or she has knowledge. Westwood v. Thrifty Boy (1972),29 Ohio St.2d 84, paragraph one of the syllabus. Where the frequenter is an employee of an independent contractor, the duty mandated by the frequenter statute does not extend to hazzards which are inherently and necessarily present because of the nature of the work performed. McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297; Eicher v. U.S. Steel Corp. (1987), 32 Ohio St.3d 248
paragraph one of the syllabus. Where in an independent contractor undertakes a job for another, "in the very doing of which there are elements of * * * danger, * * * no liability * * * ordinarily attaches to the one who engaged the services of an independent contractor." Wellman v. East Ohio Gas Co. (1953),160 Ohio St. 103, paragraph one of the syllabus. Such an invitee may recover only when the injury results from an abnormally dangerous condition of the premises, only if the principle employer has and the servant does not have, actual or constructive knowledge of the existence of such condition. Davis v. Charles Shutrump Sons Co. (1942), 140 Ohio St. 89, paragraph one of the syllabus. The Supreme Court created an exception to this general "no duty" rule in Hirschbach v. Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206. The court held "one who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazzard which he, in the exercise of ordinary care, could have eliminated, can be held reasonable for the injury or death of an employee of the independent contractor." Id. Active participation means "the general contractor directed the activity which resulted in the injury and or gave or denied permission for the critical acts leading to the employee's injury, rather than merely exercising a general supervisory role over the project." Bond v. Howard (1995), 72 Ohio St.3d 332 at syllabus. The evidence presented by appellant fails to establish either appellee actually participated in the job activity performed by appellant. In the matter sub judice, appellant admitted he had worked on the building for two to three days before the incident which caused his injury. In his deposition, he conceded he was well aware of the skylights and knew it would be dangerous to stand or jump on the skylights. Accordingly, the open and obvious nature of the skylight removes any duty to warn. Further, it is undisputed appellant was the employee of an independent contractor, hired by Detroit Diesel to repair and replace a roof. We find roofing to be inherently dangerous, and note our agreement with the Eighth District Court of Appeals. Ciulla v. Panzica Construction Co. (July 14, 1993), Case No. 63119, unreported. Certainly, falling from a roof or tripping on a roof are hazzards which are inherently and necessarily present because of the nature of roofing. Under these circumstances, we find neither the owners of the property, The Timken Company, nor the occupiers of the premises, Detroit Diesel, owed a duty of care to appellant. For this reason, appellant's sole assignment of error is overruled. The March 8, 1999 Judgment Entry of the Stark County Court of Common Pleas is hereby affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur