DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant State Auto Mutual Insurance Company ("State Auto") appeals a judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of appellee Daniel Ferguson. This Court reverses.
Jerry Gill, the stepfather of Ferguson, maintained an automobile liability policy with State Auto. In 1994, State Auto also issued Gill a personal umbrella liability policy for $1,000,000. In connection with the personal umbrella policy, Gill signed a form waiving uninsured/underinsured motorist coverage ("UM/UIM coverage").[1]
On June 10, 1996, a pickup truck owned by Gill was added to the personal umbrella policy, and an additional premium was paid. There was no re-offering of UM/UIM coverage by State Auto, and Gill did not sign an additional waiver of UM/UIM coverage.
On July 31, 1996, Ferguson was driving the recently-added pickup truck when he was involved in a serious automobile accident that has caused him to remain in a semi-comatose state. The driver of the other vehicle, Heather McCreedy, was underinsured and was alleged to have been under the influence of alcohol at the time of the accident.
On January 23, 1997, Ferguson, through his guardian Marsha Sue Gill, filed a complaint in the Lorain County Court of Common Pleas. The complaint, as later amended, named State Auto, Heather McCreedy, and Tyrone's Far West Inn as defendants.[2] As relevant to this appeal, Ferguson's complaint sought a declaration that State Auto was obligated to pay on UM/UIM coverage under the personal umbrella policy. State Auto answered and counterclaimed for declaratory judgment on the personal umbrella policy and the issue of whether UM/UIM coverage must be paid.
Ferguson and State Auto cross-moved for summary judgment on the declaratory judgment claims. The trial court granted Ferguson's motion and denied State Auto's motion.
State Auto timely appeals, asserting one assignment of error.
 The trial court erred when it determined that State Auto Mutual Insurance Company had an obligation to re-offer its insured UM/UIM coverage which had been previously rejected in writing, based only upon the addition of another vehicle and a concurrent premium change for existing coverages.
In its sole assignment of error, State Auto argues that the trial court erred by granting summary judgment in favor of Ferguson and by denying its motion for summary judgment. State Auto contends that it was not obligated to re-offer the UM/UIM coverage on Gill's personal umbrella policy and that Gill's previously executed waiver of those coverages remained effective. This Court agrees.
"In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court." McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 301. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Based on the pleadings, evidence, and stipulations offered, when viewed in a light most favorable to the non-moving party, reasonable minds must only be able to reach a conclusion that is adverse to the nonmoving party. Id. It is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once this initial burden is met, the non-moving party may not rest on its pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. Id.; Civ.R. 56(E).
Under former R.C. 3937.18(A),[3] persons who are issued automobile liability insurance policies for automobiles registered or principally garaged in Ohio must be offered UM/UIM coverage. The named insured may then accept or reject the coverage. Former R.C. 3937.18(C). "Unless the named insured requests such coverages in writing, such coverages need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer." Id. However, the issue before this Court deals with an amendment to a policy, not a renewal.
In Stacy v. Nationwide Mut. Ins. Co. (1998), 125 Ohio App.3d 658, the Sixth District Court of Appeals dealt with this issue. In Stacy, the insured, pursuant to a written election executed in 1977, received lower UM/UIM coverage limits than he would ordinarily have received. Between 1977 and 1983, several cars were added and removed from the policy. In 1983, the insured was killed by an uninsured motorist in an automobile accident. The estate of the insured argued that the insurer was obligated to re-offer UM/UIM coverage every time an automobile was added or removed from the policy. The court of appeals held that the insurer was not obligated to re-offer the UM/UIM coverage after an initial rejection of coverage.
 It is well settled that, pursuant to R.C. 3937.18, uninsured motorist coverage was designed by the General Assembly to protect persons, not vehicles. In this case, the policy number and the amount of coverage protecting [the insured] remained the same from the time he signed the above rejection statement in 1977 until the time of his death in 1983. The only changes were the substitution of vehicles and resulting changes in premiums, which were calculated to keep the amounts of coverage chosen by [the insured] at the same level.
 Upon consideration, this court finds, as a matter of law, that Nationwide [the insurer] was not required by law to ask [the insured] to sign a new statement rejecting equivalent uninsured/underinsured motorist coverage each time he changed vehicles between 1977 and 1983.
(Citation omitted.) Id. at 668-69.
This Court finds the reasoning of the Stacy court persuasive. In the case at bar, the only change made to Jerry Gill's personal umbrella policy subsequent to the waiver of UM/UIM coverage was the addition of the pickup truck in June 1996. The policy number remained the same, and there is no evidence that the additional premium paid in June 1996 was for anything other than to maintain the policy coverages at their current levels. This Court holds that State Auto was not required to re-offer UM/UIM coverage to the named insured, Jerry Gill, when the pickup truck was added to the personal umbrella policy on June 10, 1996, and that the UM/UIM coverage waiver signed by Gill in 1994 remained effective after June 10, 1996.
Because there was no obligation to re-offer UM/UIM coverage on the personal umbrella policy, State Auto cannot be required to pay the limits of those coverages on the accident involving Ferguson. Therefore, the trial court erred by granting Ferguson's motion for summary judgment and by denying State Auto's motion for summary judgment. State Auto's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee, Daniel Ferguson.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT WHITMORE, J., BATCHELDER, J. CONCUR.
[1] The automobile liability policy, which did have UM/UIM coverage, is not at issue in this appeal.
[2] Heather McCreedy was later dismissed with prejudice; the claims against Tyrone's Far West Inn remain pending in the trial court.
[3] R.C. 3937.18 was amended effective September 3, 1997.