JOURNAL ENTRY and OPINION
Plaintiffs-appellants Allstate Insurance Company, Christine Brown and Christopher Brown (hereinafter appellants) appeal from the trial court's grant of summary judgment in favor of defendant-appellee Ed Corrigan. Because we find that the appellants singular assignment of error is without merit, we affirm the ruling of the trial court.
On February 26, 1998, appellants filed Case No. 349743 in the Cuyahoga County Court of Common Pleas seeking reimbursement for expenses paid and other damages arising out of an automobile accident on March 9, 1996. The lawsuit named as defendants Mary Corrigan and a John Doe as defendants. On September 24, 1998 the appellants attempted to amend the complaint by substituting appellee Ed Corrigan for John Doe. Appellants attempted service on Corrigan via certified mail at the time that the complaint was amended. On December 22, 1998, the complaint was voluntarily dismissed by the appellants. The action was then refiled by the appellants within one year of the voluntary dismissal on December 2, 1999 as Case No. 397639.
On April 12, 2000, the appellee filed a motion for summary judgment. The basis for the motion was that the appellants had failed to attempt commencement of service during the pendency of the initial action making them unable to avail themselves to the savings statute and thus were time barred by the statute of limitations from maintaining the action as the second complaint was filed well over two years from the time of the accident. The appellee's motion for summary judgment was granted by the trial court on June 21, 2000. The appellants timely filed the within appeal July 12, 2000. The appellants present one assignment of error for this court's review as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS BECAUSE OHIO'S SAVINGS STATUTE, REVISED CODE S2305.19, APPLIES TO ACTIONS THAT HAVE BEEN COMMENCED OR ATTEMPTED TO BE COMMENCED.
 Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704.
The appellee maintains that the appellants did not properly attempt to commence the initial action against him because they failed to comply with Civ.R. 15(D) which requires that when a pleading is amended to substitute a party whose identity was previously unknown, service of such pleading must be made personally and may not be made via certified mail.
Civ.R. 15(D) states:
 Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words name unknown, and a copy thereof must be served personally upon the defendant. (Emphasis added.)
This court has previously held that the personal service requirement of Civ.R. 15(D) is mandatory:
 Civ.R. 15(D) specifically requires that the summons must be served personally upon the defendant. In this case, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ.R. 15(D). (Emphasis sic.) Hodges v. Gates Mills Tower Apt. Co. (September 28, 2000), Cuyahoga App. No. 77278, unreported, citing Amerline v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57, 58.
The Hodges court went on to hold that as appellants failed to satisfy the personal service requirement of Civ.R. 15(D) within one year of amending their complaint * * * the trial court properly granted summary judgment * * *.
Civ.R. 3(A) states:
 Commencement. A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D). (Emphasis added.)
In Austin v. Standard Bldg. (Dec. 4, 1997), Cuyahoga App. No. 71840, unreported, this court held that in order for an amendment of a complaint naming a fictitious defendant to relate back to the initial filing date under Civ.R. 15(D), a copy of the complaint must be served personally upon the defendant upon learning his true identity.
 [I]f a plaintiff timely files an action naming an unknown "John Doe" defendant containing the words "name unknown," then, even though a statute of limitations has intervened, plaintiff may serve the John Doe defendant upon discovering who he is within one year after commencing the action by personally serving a copy of the summons upon him. Civ.R. 15(D). The amended complaint then relates back to the initial filing date of the complaint. Civ.R. 3(A).
* * *
 Consequently, where, as here, appellant has failed to follow the requirements of Civ.R. 15(D), she is unable to claim the benefit of the relation back of the amended complaint as provided by Civ.R. 3(A). Amerline supra; see, also, Gaston v. City of Toledo (1995), 106 Ohio App.3d 66, 79, 665 N.E.2d 264; McConville v. Jackson Comfort Systems, Inc. (1994), 95 Ohio App.3d 297, 642 N.E.2d 416. Therefore, we find that Civ.R. 15(D) governs the matter before us and appellant's failure to follow the requirements of that rule preclude her from gaining the benefit of the relation back of her amended complaint to the date of filing as permitted by Civ.R. 3(A). The trial court properly granted summary judgment to appellee on the basis of Amerline, supra. (Emphasis added.)
In Mustric v. Penn Traffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277, unreported, the Tenth Appellate District addressed the identical issue as is presented to this court in the within appeal, and determined that a plaintiff who fails to attempt personal service when amending a pleading to reflect a now known defendant as required by Civ.R. 15(D) has not properly attempted to commence an action, making the savings statute inapplicable:
 * * * As indicated above, when a plaintiff is permitted to amend his or her complaint to specifically name a former John Doe defendant, such defendant must be personally served pursuant to Civ.R. 15(D). Here, appellant did not do so. Rather, appellant served Ingle Barr by certified mail. The question becomes, did appellant attempt to serve Ingle Barr such that the savings statute is applicable. We find that appellant did not.
 We believe that an attempt to commence as set forth in R.C. 2305.19 must be pursuant to a method of service that is proper under the Civil Rules. Here, appellant's method of attempting to commence the action was pursuant to certified mail service, an improper method under Civ.R. 15(D). Not only did appellant not actually serve Ingle Barr by personal service, appellant did not even attempt to serve Ingle Barr by personal service.
 Personal service is the only method by which a now named John Doe defendant may be served. Hence, appellant did not properly attempt to commence the action against Ingle Barr.
 Because appellant did not properly attempt to commence the action against Ingle Barr, the savings statute is inapplicable. Therefore, appellant failed to bring the present action against Ingle Barr within the applicable statute of limitations, and summary judgment in favor of Ingle Barr was appropriate. To this extent, appellant's first assignment of error is overruled. (Emphasis added.)
Similarly, in this case the appellants failed to properly serve the appellee via personal service as required under Civ.R. 15(D), after ascertaining his identity. In this case, as in Mustric, service was performed by way of certified mail which is clearly not in accordance with the requirement of Civ.R. 15(D). Because of this utilization of an improper method of service the appellants were not entitled to benefit from the provisions of the savings statute allowing a case to be re-filed within one year of a voluntary dismissal as there was a failure to properly attempt to commence the action. Accordingly, the trial court correctly determined that the re-filed complaint was time barred by the statute of limitations.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ MICHAEL J. CORRIGAN, P.J.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.