**DOYLE, Admr.,**

v.

**CITY OF AKRON, Appellee; Marsh, Appellant.**

[Cite as *Doyle v. Akron* (1995), 104 Ohio App.3d 479.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0076.

Decided April 24, 1995.

*Max Rothal,* Akron City Law Director, and *Deborah M. Forfia,* Assistant Law Director, for appellee.

*Lawrence R. Smith,* for appellant.

———————

NADER, Judge.

This is an accelerated calendar appeal from an entry of summary judgment in the Portage County Court of Common Pleas.

On May 27, 1989, appellant Rusten Marsh and his family were camping at the Mogadore Reservoir in Portage County. During the evening, appellant complained to the park rangers about excessive noise from neighboring campsite number fourteen. Ranger Glenn Joseph investigated the complaint at approximately 1:40 a.m. He admonished the campers at that site to be quiet and told them that only four people would be allowed to remain in the park. Paul Pannuto was among those who left the campsite.

At approximately 2:45 a.m., Ranger Christopher Kitchin patrolled the area encompassing campsite number fourteen and found it to be dark and quiet. Appellant alleges that shortly thereafter, he and his family were threatened by the campers from site number fourteen. Several members of appellant's family left the campsite to get help. Appellant retrieved his fishing knife and proceeded in the direction from which the threats had issued. Appellant became involved in a fight with Paul Pannuto and subsequently fatally stabbed him.

On May 24, 1990, the administrator of the estate of Paul Pannuto filed a wrongful death action against the city of Akron and appellant. On July 27, 1990, appellant filed a cross-claim against appellee, city of Akron, alleging negligence. Appellee filed a motion to dismiss the cross-claim or in the alternative for summary judgment on the cross-claim on August 28, 1990. The trial court granted appellee's motion on December 26, 1991. Appellant timely appealed, assigning the trial court's dismissal as error.

█ The trial court cited two justifications for granting appellee's motion. First, the court stated that R.C. Chapter 2744 renders appellee immune from liability. Second, the trial court stated that the actions which led to the death of Paul Pannuto were not foreseeable. We agree.

R.C. 2744.02 divides governmental functions into two categories: governmental and proprietary. R.C. 2744.02(B)(2) waives governmental immunity for negligence actions arising from proprietary functions.

R.C. 2744.01(C)(1)(c) defines a governmental function in part as:

"A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons * * *."

R.C. 2744.01(C)(2)(u) provides that a governmental function includes:

"The design, construction, reconstruction, renovation, repair, maintenance, and *operation of any park,* playground, playfield, indoor recreational facility, zoo, zoological park, bath, or swimming pool or pond, and the operation and control of any golf course." (Emphasis added.)

Appellant contends that appellee's activities in operating the Mogadore Reservoir constitute a proprietary function, rather than a governmental function, and that appellee is therefore not immune from an action in negligence. Appellant bases this argument solely upon the collection of a fee from the campers who use the park. However, this issue is not dispositive of the question. The statute itself provides immunity for the operation of zoos, swimming pools and golf courses, all of which customarily charge a fee to users. See, also, *Nowak v. Ries* (Dec. 19, 1991), Cuyahoga App. No. 59276, unreported, 1991 WL 271353 (holding the city immune where a fee was paid to utilize a playfield).

Because the actions in question concern the operation of a park utilized for camping, the trial court correctly held that the actions constituted governmental functions. As a result, R.C. 2744.02(B)(2) does not apply, and appellee is immune from liability.

■ Additionally, the trial court correctly held that appellee's motion for summary judgment was appropriate. As held in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial."

■ In an action for negligence, it must be shown that the act which caused the harm was foreseeable. See *Knapp v. Gurish* (1989), 44 Ohio App.3d 57, 541 N.E.2d 121. Further, "[w]here an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor." *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 48 O.O.2d 52, 249 N.E.2d 804, paragraph three of the syllabus.

In the instant case, appellant failed to produce evidence that the stabbing incident was foreseeable. As appellee correctly contends, appellant introduced no evidence of prior violent acts at Mogadore Reservoir or that any complaint had

been made to appellee which indicated any threats of violence. As a result, the trial court correctly found that summary judgment was appropriate.

In accordance with the foregoing, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.