OPINION
{¶ 1} This is an accelerated appeal by plaintiffs-appellants, Nancy and Joseph Haeufle, from the decision of the Butler County Court of Common Pleas granting a motion to dismiss their complaint against defendants-appellees, Walter and Lisa Taggart, under Civ.R. 12(B)(6).
 {¶ 2} In appellants' first assignment of error, they argue that the common pleas court erred in granting appellees' motion to dismiss. Specifically, appellants argue that, although the statute of limitations had run, the court erroneously determined that appellants' second amended complaint did not "relate back" to the original complaint within the meaning of Civ.R. 15(C).[1]
 {¶ 3} Civ.R. 15(C) sets forth three requirements which must be met before an amended complaint will be found to "relate back" to an original complaint. First, the claim set forth in the amended complaint must arise out of the conduct, transaction, or occurrence set forth in the original complaint. It is undisputed that appellants' second amended complaint meets this requirement. Second, "within the period provided by law for commencing theaction," the party to be brought in by amendment must have "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense[.]" (Emphasis added.) Third, also "within the period provided by law forcommencing the action," the party to be brought in by amendment must have known or "should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)
 {¶ 4} The Ohio Supreme Court has stated that "[t]he language, `within the period provided by law for commencing the action,' as used in Civ.R. 15(C), includes the time for service allowed by Civ.R. 3(A)." Cecil v. Cottril, 67 Ohio St.3d 367,1993-Ohio-225, syllabus. Civ.R. 3(A) provides one year for service of the complaint upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C). The language "within the period provided by law for commencing the action" includes the one-year period for service in Civ.R. 3(A), even if the applicable statute of limitations has expired before the one-year period ends.Cecil at 371 ("Civ.R. 3(A) read in pari materia with Civ.R. 15(C) does not require that service be made on a misnamed defendant before the expiration of the applicable statute of limitations."). (Emphasis sic.)
 {¶ 5} Applying Cecil, we sustain appellants' first assignment of error. Appellees were served with the amended complaint on January 31, 2005, approximately three and one-half months after the filing of the original complaint, and well within the one-year period for service in Civ.R. 3(A). It is apparent that appellees, "within the period provided by law for commencing the action," had "received such notice of the institution of the action that * * * [they] will not be prejudiced in maintaining * * * [a] defense[.]"
 {¶ 6} Further, it is apparent that appellees, "within the period provided by law for commencing the action," "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against * * * [them]." The entire proceedings below, during which appellants made known that they had mistakenly named other parties but intended to sue appellees, took place within the one-year period for service provided by Civ.R. 3(A).
 {¶ 7} Accordingly, while the statute of limitations may have run before the "relation back" requirements of Civ.R. 15(C) were met, the amended complaint was filed "within the period provided by law for commencing the action," that is, within the year provided for service in Civ.R. 3(A) after the filing of the original complaint. Therefore, the second amended complaint "related back" to the original complaint. See Civ.R. 15(C);Cecil, 67 Ohio St.3d at 371; Megginson v. Song (Dec. 15, 1995), Scioto App. No. 95 CA 2337, 1995 WL 752457, at *3; Simsv. Costa (Jan. 29, 1996), Fairfield App. No. 95-CA-0019, 1996 WL 72610, at *4.
 {¶ 8} Due to our resolution of appellants' first assignment of error, appellants' second and third assignments of error are moot. See App.R. 12(A)(1)(c).
 {¶ 9} We reverse the judgment of the common pleas court and remand the case for further proceedings according to law and consistent with this opinion.
Walsh and Young, JJ., concur.
[1] Appellants had incorrectly named certain defendants in their original complaint who had the same last name as appellees. In their second amended complaint, appellants named appellees, the parties they initially intended to sue.