OPINION
{¶ 1} Plaintiff-appellant, Tammy Easter ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted judgment on the pleadings in favor of defendant-appellee, Zuber Landscape, Inc. ("appellee"), as to appellant's negligence claims.
 {¶ 2} The relevant facts and procedural history of this case follow. Appellant alleges that on November 19, 2002, she accompanied her mother to an *Page 2 
appointment with a physician whose office is located on North High Street in the City of Gahanna in Franklin County. On that date, Complete General Construction Co., was in the process of performing work as general contractor under its contract with the City of Gahanna for the repair, replacement and improvement of streets, curbs, sidewalks, landscaping and lighting along North High Street. Appellee was a subcontractor on the project.
 {¶ 3} Appellant further alleges that as part of the improvement project, appellee had recently constructed a new brick sidewalk that abutted the concrete walkway from the front entrance of the physician's office building. After her mother's appointment, as appellant attempted to step from the walkway to the new sidewalk, she stepped into a deep trench or hole that was obscured by fallen leaves. This trench or hole ran the length of one side of the new sidewalk, beginning at the corner formed by the intersection of the walkway and sidewalk. Appellant's foot became wedged in the trench and she lost her balance, fell forward onto the sidewalk, and sustained injuries to various parts of her body.
 {¶ 4} On November 12, 2004, appellant filed a complaint in the Franklin County Court of Common Pleas, naming as a defendant Complete General Construction Co., as well as seven John Doe Company defendants. In her complaint, she alleged that she could not ascertain the names of the John Doe Company defendants. She included the words "name unknown" in the caption as to each John Doe Company defendant, and she included the words "name unknown" in the original summons. *Page 3 
 {¶ 5} On November 11, 2005, appellant personally served appellee with a copy of the original summons and a copy of the original complaint. On November 17, 2005, appellant moved the court for leave to amend her complaint to add appellee in place of one of the John Doe Company defendants. On November 21, 2005, the court granted that motion. On November 22, 2005, appellant filed her first amended complaint, and filed a praecipe requesting service upon appellee of "a summons and a copy of Plaintiff's First Amended Complaint" by certified mail. On December 5, 2005, appellee was served with a copy of the first amended complaint by certified mail.
 {¶ 6} On March 21, 2006, appellee filed a motion for judgment on the pleadings, arguing that because it was not personally served with a copy of the amended complaint within one year of the filing of the original complaint, the amended complaint did not relate back to the original complaint. As such, it maintained, the action against appellee was not commenced within the applicable two-year statute of limitations, and appellant's claims against appellee were barred as a matter of law.
 {¶ 7} In her memorandum opposing appellee's motion, appellant argued that Civ.R. 3(A) and 15(D) only require that the plaintiff personally serve the newly identified John Doe defendant with a copy of theoriginal complaint and summons within one year of the filing of the original complaint. In its reply memorandum, appellee argued that correction of a John Doe name under Civ.R. 3 must be accomplished through amendment, and personal service of a copy of the amended *Page 4 
complaint must be made upon the newly identified defendant, all within the one-year period following filing of the original complaint. The trial court agreed and granted appellee a judgment on the pleadings on that basis. Appellant timely appealed and advances one assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING ZUBER LANDSCAPE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS.
 {¶ 8} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. Whaley v. Franklin County Bd. ofCommrs. (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267. Rule 12(C) of the Ohio Rules of Civil Procedure provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 9} A motion for judgment on the pleadings is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Brown v. Wood Cty. Bd. ofElections (1992), 79 Ohio App.3d 474, 477, 607 N.E.2d 848, citingPeterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262,297 N.E.2d 113. A motion for judgment on the pleadings is specifically intended for resolving questions of law. Friends of Ferguson v. OhioElections Comm. (1997), 117 Ohio App.3d 332, 334, 690 N.E.2d 601. Appellate review of motions for judgment on the pleadings under Civ.R. 12(C) is de novo. *Page 5 Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807,742 N.E.2d 674.
 {¶ 10} The Supreme Court of Ohio has held, and the parties agree, that "[i]n determining if a previously unknown, now known, defendant has been properly served so as to avoid the time bar of an applicable statute of limitations, Civ.R. 15(D) must be read in conjunction with Civ.R. 15(C) and 3(A)." Amerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57,537 N.E.2d 208, syllabus.
 {¶ 11} Appellant argues that Rules 3 and 15 of the Ohio Rules of Civil Procedure are very clear and that she has met each and every one of their requirements so that her first amended complaint relates back to her original complaint vis À vis appellee. She contends that she was required to (1) timely file her original complaint; (2) allege therein that she was unable to discover the name of the John Doe Company defendant that she later identified as appellee; (3) include the words "name unknown" in the original summons; (4) personally serve upon appellee a copy of the original summons and original complaint within one year of the filing of the original complaint; and (5) amend the complaint to identify appellee upon discovering appellee's identity. Because she took all of these steps, she urges, the trial court erred in determining that her first amended complaint does not relate back.
 {¶ 12} She argues that the trial court's ruling would shorten the one-year period for obtaining service under Civ.R. 3(A) by the amount of time that it would take a plaintiff to discover the identity of the John Doe defendant, obtain leave from *Page 6 
the court to amend, and file and serve the amended complaint. She also points out that there is a danger of this time being further unfairly shortened in situations where a plaintiff seeks to learn the identity of an unknown defendant through discovery requests propounded upon other defendants who delay or obstruct the discovery process because they are affiliated with, or otherwise have common interests with, the unidentified defendant.
 {¶ 13} Finally, appellant argues that the cases upon which the trial court relied for its analysis of the question were all resolved on some factual issue different than that presented in this case, such as a plaintiff using certified mail instead of personal service, or failing to include the words "name unknown" in the original summons. She argues that the cases the trial court cited are thus distinguishable from the present case and do not support the action that the court took in granting judgment as a matter of law to appellee.
 {¶ 14} In response, appellee argues that the applicable civil rules require that both the amendment and personal service of the amended complaint occur within the one-year time limit for service provided in Civ.R. 3(A), and that service of the original complaint upon the newly identified defendant within this time period does not suffice. Appellee points out that Civ.R. 15(D) requires that when a previously unknown, now known defendant is discovered, the pleading must be amended "accordingly." Appellee argues that, pursuant to the syllabus ofAmerine, "accordingly" refers to the requirements in the accompanying rules. Since one of the requirements of the accompanying rules is that service must be obtained within *Page 7 
one year, then it follows, appellee maintains, that amendment and service of the amended complaint must occur within that one-year period.
 {¶ 15} It also follows, appellee argues, that because Civ.R. 15(D)'s requirement to amend comes before the requirement to personally serve, the rule requires that the amendment be done first, and then that the amended complaint — not the original — be personally served upon the newly identified defendant. Appellee argues that the cases upon which the trial court relied are indeed relevant and supportive of the trial court's conclusion.
 {¶ 16} It is undisputed that appellant's original complaint was filed prior to the expiration of the applicable statute of limitations, and that the statute of limitations had expired by the time appellant discovered that appellee was one of the John Doe Company defendants. Thus, in order for her amended complaint to have been timely commenced against appellee, it must relate back to her original complaint, pursuant to Civ.R. 15. Therefore, the question before this court is whether appellant has met the requirements of that rule, read in conjunction with Civ.R. 3(A).
 {¶ 17} Resolution of appellant's assignment of error, and consideration of the parties' arguments, require examination of Civ.R. 3(A) and 15(C) and (D).
 {¶ 18} Civ.R. 3(A) provides, in pertinent part:
 Commencement. — A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D). *Page 8 
 {¶ 19} Civ.R. 15(C) provides, in pertinent part:
 Relation back of amendments. — Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
 {¶ 20} Civ.R. 15(D) provides:
 Amendments where name of party unknown. — When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.
 {¶ 21} Civ.R. 3(A) provides that a civil action is commenced by filing a complaint if service is obtained within one year from such filing upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D). Appellant identified appellee by a fictitious name and later corrected the name pursuant to Civ.R. 15(D). Pursuant to Civ.R. 3(A), appellant was required to obtain service upon appellee within one year of the filing of her complaint. The question is, however, with what did she need to personally serve appellee within one year of filing her complaint? Appellant maintains that she was required to serve a copy of the original summons and complaint, and appellee argues that appellant was required to serve a copy of theamended complaint. *Page 9 
 {¶ 22} To resolve this question we look to Civ.R. 15(D). That rule provides that, in a case in which the plaintiff does not know the name of a defendant, and designates that defendant by a fictitious name, the plaintiff "must aver in the complaint the fact that he could not discover the name." The record reveals that appellant indeed averred in her complaint the fact that she could not discover appellee's name.
 {¶ 23} In addition, "[t]he summons must contain the words `name unknown,' and a copy thereof must be served personally upon the defendant." The word "thereof" refers to the "summons." This is in accordance with the rule of grammar that, "'[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent * * *.'" Indep. Ins. Agents of Ohio, Inc. v.Fabe (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, quoting Carter v.Youngstown (1946), 146 Ohio St. 203, 209, 32 O.O. 184, 65 N.E.2d 63. R.C. 1.42 provides that "[w]ords and phrases [in a statute] shall be read in context and construed according to the rules of grammar and common usage." Accordingly, it is the summons that must be personally served upon the defendant.
 {¶ 24} Moreover, it is the original summons that must be personally served upon the defendant, because it would be illogical to require that a new summons, issued with an amended complaint, contain the words "name unknown" when the defendant's name, by that time, would no longer be unknown to the plaintiff. But the defendant's name would be unknown at the time of the filing of the original complaint and service of the original summons. *Page 10 
 {¶ 25} Civ.R. 4(B) requires that a copy of the complaint be attached to each summons. Thus, if the plaintiff serves the previously unknown, now identified defendant with a copy of the original summons, as required by Civ.R. 15(D), and does so in accordance with Civ.R. 4(B), then the defendant will receive a copy of the original complaint along with a copy of the original summons.
 {¶ 26} Finally, we must read Civ.R. 15(D) in conjunction with Civ.R. 3(A). Amerine v. Haughton Elevator Co. (1989), 42 Ohio St.3d 57,537 N.E2d 208, syllabus. If we interpreted Civ.R. 15(D) to require that a plaintiff amend his or her complaint to correct a fictitious name and serve the newly identified defendant with a copy of the amended complaint, all within the one-year period provided by Civ.R. 3(A), then we would be shortening the one-year period that Civ.R. 3(A) affords plaintiffs in which to obtain service upon a fictitiously-named defendant, and we would further contravene the plain language of Civ.R. 3(A), which allows the plaintiff, after obtaining such service, to correct the name "later" pursuant to Civ.R. 15(D).
 {¶ 27} Based upon the plain language of Civ.R. 15(C) and (D), and Civ.R. 3(A), read in conjunction with one another, we hold that in order for an amended complaint to relate back to the original complaint vis À vis a defendant originally identified by a fictitious name, the plaintiff is required to personally serve the newly identified John Doe defendant with a copy of the original summons and complaint within one year of the filing of the original complaint. We join other Ohio appellate districts in so holding. See, e.g., McConville v. JacksonComfort Sys., Inc. (1994), *Page 11 95 Ohio App.3d 297, 642 N.E.2d 416;[1] Austin v. The StandardBldg. (Dec. 4, 1997), 8th Dist. No. 71840;[2]Mitulski v. USS/Kobe Steel Co. (May 26, 1999), 9th Dist. No. 98CA007085.
 {¶ 28} The Eleventh Appellate District has also held that Civ.R. 15(D) requires personal service of the original complaint and summons on a John Doe defendant, not the amended complaint and summons. Burya v. LakeMetroparks Bd. of Park Commissioners, 11th Dist. No. 2005-L-015, 2006-Ohio-5192, ¶ 38.[3] The Burya court reasoned, "[i]f the drafters of the rule had intended that the amended complaint and summons be served personally upon a (by then former) John Doe defendant, they would have used the phrases `amended complaint' and `summons to the amended complaint' in the last two sentences of the rule." Ibid.
 {¶ 29} We observe that Civ.R. 15(C) uses the phrases "amended pleading" and "original pleading" to differentiate between the two, yet, as the Burya court pointed out, Civ.R. 15(D) contains no use of the word "amended" to qualify the word "complaint." Clearly, if the drafters of Civ.R. 15(D) wished to specify that it is the amended complaint and the summons thereto that must be personally served, then *Page 12 
they would have used the word "amended" as they did in Civ.R. 15(C). However, they simply used the word "complaint" which, without such qualification, means the original complaint, just as it does in Civ.R. 3(A). We will not add words to the rule that are not there. SeeState ex rel. Stacy v. Batavia Local Sch. Dist. Bd. of Educ,105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 71.
 {¶ 30} Appellee argues that the case of Mustric v. Penn TrafficCorp. (Sept. 7, 2000), 10th Dist. No. 00AP-277, evidences that this appellate district has already interpreted Civ.R. 15(D) as requiring that the complaint be amended to correct the name of a John Doe defendant, and that personal service of the amended complaint be made upon that defendant, all within the one-year time period provided in Civ.R. 3(A).
 {¶ 31} Specifically, appellee directs our attention to the following two sentences of the Mustric opinion: "* * * appellant did not personally serve Ingle Barr after it had been specifically named in theaction. Hence, the trial court in the original action properly determined that the action had not been commenced against Ingle Barr." 2000 Ohio App. LEXIS 4032, at *11. (Emphasis added.) Appellee argues that this language indicates the Mustric court believed that service on the new defendant is to be made only after it has been named in the action; that is, after the complaint has been amended. However, appellee takes these sentences out of context and also ignores the fact that they are dicta.
 {¶ 32} First, these two sentences were part of a multi-paragraph discussion of the strict mandate that service upon a John Doe defendant be personal service *Page 13 
and not mail service. Second, the sentence immediately following the quoted portion of the Mustric opinion above reads, "[h]owever, this is not the exact issue before this court. Our determination rests upon R.C.2305.19 which allows a re-filed action not only when the original action has been commenced but, alternatively, when the plaintiff merely has attempted to commence the action." Id. at *11-12.
 {¶ 33} Thus, the question before the Mustric court was not whether the amended complaint related back to the original complaint; rather, the issue was whether the plaintiff had attempted to commence his action as against Ingle Barr, for purposes of the saving statute. The language upon which appellee relies, while by no means a declarative statement on the issue before this court — whether the plaintiff should serve the original summons and complaint, or the amended complaint, upon the newly identified defendant — is, in any case, dicta.
 {¶ 34} "Dicta" is defined as "expressions in court's opinions which go beyond the facts before court and therefore are * * * not binding in subsequent cases as legal precedent." Westfield v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 85 (Sweeney, J., dissenting), quoting Black's Law Dictionary (6th Ed.1990) 454. "As a dictum is by definition no part of the doctrine of the decision, and as the citing of it as a part of the doctrine is almost certain to bring upon a brief maker adverse comment, lawyers are accustomed to speak of a dictum rather slightingly * * *." Lile, William M. et al., Brief Making and the Use of Law Books (3rd Ed.1914) 307. For the foregoing reasons,Mustric has no bearing on our analysis. *Page 14 
 {¶ 35} Appellee also urges that a number of other cases from our sister districts — cases upon which the trial court also relied — support the proposition that the plaintiff must serve a copy of the amended complaint upon the newly identified defendant within one year of filing the original complaint. But the cases of Haeufle v. Taggart,
12th Dist. No. CA2005-05-102, 2005-Ohio-3906, Kramer v.Installations Unlimited, Inc. (2002), 147 Ohio App.3d 350,770 N.E.2d 632, McConville v. Jackson Comfort Sys., Inc. (1994),95 Ohio App.3d 297, 642 N.E.2d 416, and Whitman v. Chas F. Mann Painting Co.,
6th Dist. No. L-04-1114, 2005-Ohio-245, are distinguishable or otherwise inapplicable because they involve Civ.R. 15(C) instead of 15(D) (Haeufle), or they involve a different factual scenario, such as the plaintiff having used mail service instead of personal service (Kramer, McConville, and Whitman). As we noted in footnote 1, infra, the McConville court made it clear that it interpreted Civ.R. 15(D) to require that the summons of theoriginal complaint — not the amended complaint — be personally served upon the defendant.
 {¶ 36} Appellee also directs our attention to the cases of Mears v.Mihalega (Dec. 19, 1997), 11th Dist. No. 97-T-0040, andPatrolman X. v. City of Toledo (1999), 132 Ohio App.3d 374,725 N.E.2d 291, 132 Ohio App.3d 381, 405.
 {¶ 37} Mears, too, is distinguishable from the present case. InMears, the plaintiff omitted the words "name unknown" in the summons, and this alone, the court noted, warranted the granting of summary judgment, just as it had in Amerine. As well, the plaintiff inMears had served the John Doe defendant more than one year after he had filed his original complaint. The Mears court considered and *Page 15 
rejected the plaintiff's argument that the one-year period granted by Civ.R. 3(A) began to run upon the filing of the amended complaint.
 {¶ 38} It is true that the plaintiff in Mears had personally served the John Doe defendant with the amended complaint and not the original complaint, but this does not mean that Mears stands for the proposition that the John Doe defendant must be personally served with the amended complaint. The important point in Mears was that the plaintiff had not served the John Doe defendant within one year of filing his original complaint and he had failed to include the words "name unknown" in the original summons, and both of these omissions were fatal to his attempt to have his amended complaint relate back to his original complaint.
 {¶ 39} In Patrolman X, the Lucas County Court of Common Pleas ruled that the plaintiff's claim against a John Doe defendant did not relate back to his original complaint when he did not amend his complaint to identify the defendant until nearly 22 months after filing his original complaint. Neither the court of appeals' opinion (which affirmed the trial court but contains no substantive discussion of the issue of relation back) nor the court of common pleas' opinion, which is appended to the court of appeals' opinion and incorporated therein by reference, specifically mentions whether the plaintiff attempted or achieved service, or what method of service, if any, was used. It thus appears that the plaintiff did not serve the John Doe defendant with a copy of anything within one year of the filing of the original complaint. For this reason, it was appropriate to grant summary judgment in the defendant's favor. *Page 16 
 {¶ 40} Neither the trial court nor the appellate court inPatrolman X confronted the precise issue that we must address in the present case: whether Civ.R. 15(D) requires service of the original summons and complaint, or the amended complaint, within one year of the filing of the original complaint. But appellee relies on the case for support of its position because the court of common pleas stated,"* * *in order to have properly commenced this action against Weigand, the plaintiff would have had to amend the complaint and properly name Weigand within one year of the filing of the original complaint, in December 1992, or before the statute of limitations ran, in December 1992 or early 1993." Id. at 405.
 {¶ 41} This statement may support appellee's position to some degree, but it is far from clear that the court intended to speak definitively about the issue of what the plaintiff was required to serve upon the newly identified defendant. Moreover, it appears that the court was as concerned with the effect of the statute of limitations as it was with the amount of time that had elapsed from the filing of the original complaint to the time of amendment.
 {¶ 42} In any case, holdings from the Sixth Appellate District are not binding upon this court. To the extent that Patrolman X stands for the proposition that in order for an amended complaint to relate back to the original complaint pursuant to Civ.R. 15(D), the plaintiff must amend his or her complaint and personally serve the newly identified defendant with a copy of the amended complaint within one year from the filing of the original complaint, we disagree and decline to join in its reasoning. *Page 17 
 {¶ 43} We also reject appellee's argument that the word "accordingly" in Civ.R. 15(D) refers to the requirements in Civ.R. 3(A) and 15(C), pursuant to the syllabus of Amerine. The word "accordingly" means "in conformity with a given set of circumstances; correspondingly; as a consequence; as a logical outcome." Webster's Third New International Dictionary 12 (1966). Pursuant to Civ.R. 15(D), when the name of a previously unknown defendant is discovered, "the pleading or proceeding must be amended accordingly." This means that the pleading must be amended in conformity with the fact that the name is now known, or as a consequence of the fact that the name is now known, or as a logical outcome of the fact that the name is now known. This word does not implicate other rules and we will not ascribe any meaning to it other than its plain meaning.
 {¶ 44} Finally, we reject appellee's argument that because the requirement that the plaintiff amend the complaint comes before the requirement to personally serve, in the text of Civ.R. 15(D), we are bound to conclude that amendment must take place before service upon the newly identified defendant. If it were not clear from the plain language of the rule that it is the original summons and complaint that is to be personally served upon the newly identified defendant, then we might find word or phrase order to be helpful in discerning the meaning of the rule. But we need not resort to this because, as discussed earlier, the language of the rule is clear.
 {¶ 45} In order for her amended complaint to relate back to her original complaint with respect to appellee, appellant was required to do the following: (1) *Page 18 
designate appellee by a fictitious name in her original complaint; (2) aver in her original complaint that she could not discover the name of the fictitious defendant; (3) include the words "name unknown" in the original summons; (4) personally serve appellee, within one year from the filing of her original complaint, with a copy of the original summons and original complaint; and (5) upon discovering appellee's true name, amend her original complaint to designate appellee by its correct name rather than the fictitious name by which she had previously designated it. Appellant met all of those requirements. Therefore, her amended complaint relates back to her original complaint, and, as such, the trial court erred in granting appellee's motion for judgment on the pleadings.
 {¶ 46} For all of the foregoing reasons, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
 PETREE and KLATT, JJ., concur.
[1] "'Civ.R. 15(D) specifically requires that the summons [of the original complaint] (sic) must be served personally upon the defendant,'" citing Amerine v. Haughton Elevator Co. (1989),42 Ohio St.3d 57, 58, 537 N.E.2d 208. Id. at 314. (Emphasis sic.)
[2] "* * * if a plaintiff timely files an action naming an unknown `John Doe' defendant containing the words `name unknown,' then, even though a statute of limitations has intervened, plaintiff may serve the John Doe defendant upon discovering who he is within one year after commencing the action by personally serving a copy of the summons upon him. Civ.R. 15(D). The amended complaint then relates back to the initial filing date of the complaint. Civ.R. 3(A)." 1997 Ohio App. LEXIS 5421, at *6.
[3] discretionary appeal allowed, 112 Ohio St.3d 1441, 2007-Ohio-152,860 N.E.2d 766 (on political subdivision immunity issue), certification granted, 112 Ohio St.3d 1438, 2007-Ohio-152, 860 N.E.2d 764 (also on political subdivision immunity issue). *Page 1