[Cite as *Edwards v. Adrenalin Trampoline Park, L.L.C.*, 2020-Ohio-280.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin Edwards, et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 19AP-83 |
| v. | : | (C.P.C. No. 18CV-3321) |
| Adrenalin Trampoline Park, LLC, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 30, 2020

**On brief:** *Plymale & Dingus, LLC,* and *M. Shawn Dingus*, for appellants. **Argued:** *M. Shawn Dingus.*

**On brief:** *Anthony Law, LLC, Michael J. Anthony,* and *Vincent P. Zuccaro,* for appellee. **Argued:** *Vincent P. Zuccaro.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiffs-appellants, Kevin Edwards and Tonya Edwards (collectively, "the Edwardses"), appeal from a decision of the Franklin County Court of Common Pleas entered on January 28, 2019, in favor of defendant-appellee, Adrenalin Trampoline Park, LLC ("Adrenalin"). In its decision, the trial court granted Adrenalin's motion for judgment on the pleadings. For the reasons that follow, we reverse the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The Edwardses assert that granting Adrenalin's motion for judgment on the pleadings in the underlying matter was inappropriate and constituted error by the trial court. Based on our independent review of the record, we conclude the trial court's ruling was in error for the procedural reasons discussed in this decision.

{¶ 3} This is an appeal of the trial court's decision in a negligence action filed by the Edwardses.[1] Mr. Edwards had escorted five minor children to Adrenalin's facility, an indoor trampoline park, for a birthday celebration. Before Mr. Edwards and the children could engage or participate in trampoline park activities, Adrenalin says Mr. Edwards was required to sign on behalf of himself and the children a "Participation Agreement" (hereinafter referred to as the "waiver"), assuming risks associated with participating in trampoline park activities and waiving potential claims against Adrenalin. (July 5, 2018 Answer at ¶ 12, Ex. A.) Mr. Edwards climbed up an obstacle course that was part of the Adrenalin facility's "Ninja Course" and then dropped or fell[2] 12 to 13 feet to the tarp-covered area below, believing there were large cubes of rubberized foam below that would absorb the energy of his fall. (Compl. at ¶ 4, 6.) Mr. Edwards landed on the tarp-covered area, but there was nothing to cushion his landing. As a result, Mr. Edwards sustained injuries to his back. Mr. Edwards argued in his complaint that the absence of cushioning foam where he landed was the result of Adrenalin's negligence. He sought money damages from Adrenalin for his medical expenses and his impaired capacity to earn. Mrs. Edwards asserted a negligence claim against Adrenalin for the "loss of her husband's services, society and consortium." (Compl. at ¶ 8.)

{¶ 4} On July 5, 2018, Adrenalin filed its answer to the complaint, asserting multiple affirmative defenses, including waiver. Adrenalin attached to its answer, an Exhibit A, which purported to be a four-page waiver Mr. Edwards had signed on behalf of himself and the five minor children in his custody and care while at Adrenalin's facility.

{¶ 5} On July 20, 2018, Adrenalin filed a motion for judgment on the pleadings under Civ.R. 12(C), seeking dismissal of the Edwardses' claims. Adrenalin asserted in its motion that Mr. Edwards had "executed an exculpatory waiver in which he expressly assumed the risk of participating in the trampoline park activities. Furthermore, simply by participating in the activities described in the Complaint, [Mr. Edwards] assumed the risk

---

[1] The Edwardses' complaint filed on April 19, 2018 named three entities as the defendants: Get Air Columbus, LLC, Get Air Sports, LLC, and Get Air Management, Inc. The Edwardses subsequently learned that Get Air Columbus, LLC is registered in the State of Ohio as Adrenaline Trampoline Park, LLC. The trial court granted their unopposed motion to substitute Adrenaline as the primary defendant in the underlying matter. The Edwardses voluntarily dismissed their complaint against Get Air Sports, LLC, and Get Air Management, Inc. without prejudice.

[2] The Edwardses' complaint at paragraph 6, states that Mr. Edwards "dropped" to the tarp covered area below, whereas their August 24, 2018 Memorandum Contra at 2, states that he "fell."

of possible injury. In short, he has no route of legal recovery for these injuries sustained in the course of recreation. Nor does [Mrs. Edwards] have a cognizable claim for loss of consortium, which is solely derivative of [Mr. Edwards'] negligence claim." (July 20, 2018 Mot. for Jgmt. on Pleadings at 2.) Adrenalin attached to its motion two decisions and entries of the Franklin County Court of Common Pleas that had granted summary judgment to defendants in unrelated cases, one involving assumption of the risk on a private go-kart track (July 31, 2015 Franklin C.P. No. 14CV-5498 Decision), and the other involving exculpatory agreements for cheerleading activities (May 24, 2011 Franklin C.P. No. 10CV-7045 Decision).

{¶ 6} On August 4, 2018, the Edwardses filed a memorandum contra opposing Adrenalin's motion. They argued that judgment on the pleadings was inappropriate for several reasons. First, they asserted that, when viewing the evidence most strongly in their favor as the nonmoving party, reasonable minds could come to differing conclusions about whether Mr. Edwards expressly or primarily assumed the risk of injury. The Edwardses stated in their memorandum contra:

> Adrenalin has denied [the Edwardses'] allegations in its Answer and has asserted several affirmative defenses, which serve as the heart of its Motion for Judgment of the Pleadings. Adrenalin then moved for dismissal before discovery commenced. In its motion, Adrenalin relies on a waiver, Exhibit A to the Answer, is [sic] support of its theory that [Mr. Edwards] expressly assumed the risk on any injury sustained while at its facility, and further argue that [Mr. Edwards] primarily assumed the risk by participating in trampoline activities.

(Aug. 24, 2018 memo Contra at 3.) The Edwardses also asserted that Adrenalin failed to properly authenticate the waiver asserted in its motion. Finally, the Edwardses argued that Mrs. Edwards had a cognizable claim for loss of consortium.

{¶ 7} On January 28, 2019, the trial court granted Adrenalin's motion for judgment on the pleadings and dismissed the Edwardses' claims. The trial court found that the waiver "does not need to be 'authenticated' pursuant to Civ.R. 901(A)." (Jan. 28, 2019 Decision at 3-4.) The trial court then found the language of the waiver "clearly and unambiguously includes the alleged claims at issue in this case," including Mrs. Edwards' claim for loss of consortium. *Id.* at 5. The trial court concluded that the waiver alone was enough to bar the

Edwardses' claims. The trial court also found as a matter of law that Mr. Edwards had assumed the risk of participating in the activities available at the trampoline park. The trial court noted the Edwardses' failure to allege any intentional or reckless action on the part of Adrenaline, only claiming that Adrenaline should have provided more padding in the "Ninja Course." *Id.* at 5-6. Finally, the trial court found that Mrs. Edwards' claim was derivative of Mr. Edwards' claim and was likewise barred.

{¶ 8} The Edwardses timely appealed.

## II. ASSIGNMENTS OF ERROR

{¶ 9} The Edwardses present three assignments of error:

[1.] The trial court erred by finding as a matter of law that the plaintiffs-appellants expressively assumed the risk of injury.

[2.] The trial court erred by finding as a matter of law that the plaintiffs-appellants primarily assumed the risk of injury.

[3.] The trial court erred by relying on evidence that was not properly authenticated in ruling on defendant-appellee's motion for judgment on the pleadings.

## III. LAW AND DISCUSSION

### A. Standard of Review

{¶ 10} The trial court resolved the Edwardses' complaint by granting Adrenalin's motion for judgment on the pleadings pursuant to Civ.R. 12(C).

{¶ 11} A motion for judgment on the pleadings "has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 8, citing *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581 (2001). Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings is to be granted when, after viewing the allegations and making reasonable inferences from them in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *Easter* at ¶ 8; *Brown v. Wood Cty. Bd. of Elections*, 79 Ohio App.3d 474, 477 (6th Dist.1992), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-66 (1973). "A motion for judgment on the pleadings is specifically intended for resolving questions of law." *Easter* at ¶ 9, citing *Friends of Ferguson v. Ohio Elections Comm.*, 117 Ohio App.3d

332, 334 (10th Dist.1997).   Appellate review of motions for judgment on the pleadings under Civ.R. 12(C) is de novo.   *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.   Appellate courts reviewing orders granting judgment on the pleadings under Civ.R. 12(C) apply the same standard of review used by the trial court.   *Kamnikar v. Fiorita*, 10th Dist. No. 16AP-736, 2017-Ohio-5605, ¶ 35.

### B. Third Assignment of Error

{¶ 12} We first address the Edwardses' third assignment of error, as it is dispositive of this appeal.   The Edwardses argue that the trial court erred by relying on evidence, specifically the waiver Adrenalin had attached as Exhibit A to its answer, that had not been properly authenticated.   We agree.

{¶ 13} This Court has consistently held that authentication is a condition precedent to admissibility of something into evidence.   This Court addressed this issue in *State v. Ollison*, 10th Dist. No. 16AP-95, 2016-Ohio-8269, ¶ 47, stating:

> Authentication or identification is a condition precedent to admissibility of evidence. Evid.R. 901(A). This requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901(A). The rule provides a non-exhaustive list of illustrations as examples of authentication conforming with the rule, including, pursuant to Evid.R. 901(B)(1), testimony of a witness with knowledge that a matter is what it is claimed and, pursuant to Evid.R. 901(B)(4), distinctive characteristics taken in conjunction with the circumstances. The threshold for authentication is low: " 'The proponent need not offer conclusive evidence as a foundation [but] must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury.' " *State v. Callender*, 10th Dist. No. 15AP-15, 2015-Ohio-4255, ¶ 32, quoting *State v. Caldwell*, 9th Dist. No. 14720, 1991 Ohio App. LEXIS 5879 (Dec. 4, 1991). *Hirsi v. Davis Creek Auto Sales*, 10th Dist. No. 15AP-415, 2016-Ohio-7569, ¶ 50.

Some documents are self-executing and extrinsic evidence of authenticity is not required for admissibility.   *Hirsi v. Davis Creek Auto Sales*, 10th Dist. No. 15AP-415, 2016-Ohio-7569, ¶ 49 ("The admissibility of public records and certified records as self-authenticating is governed by several rules, including Civ.R. 44(A)(1), Evid.R. 803(8), 901(B)(7), and 902.").   Documents acknowledged by a notary public are self-authenticating.   *Lorain Cty.*

*Bar Assn. v. Kennedy*, 95 Ohio St.3d 116 (2002). Additionally, Evid.R. 902 provides a list of self-authenticating documents.

{¶ 14} The record of the underlying indicates the trial court first considered Adrenalin's motion for judgment on the pleadings after Adrenalin had filed its answer to the Edwardses' complaint, and before the parties had engaged in discovery. Nothing in the record indicates that the waiver is a self-executing document. Accordingly, extrinsic evidence is necessary to determine the authenticity of the waiver and what purports to Mr. Edwards' signature.

{¶ 15} The trial court found that the language of the waiver "clearly and unambiguously includes the alleged claims at issue in this case," including Mrs. Edwards' claim for loss of consortium. (Decision at 5.) The trial court concluded that the waiver alone was enough to bar the Edwardses' claims. The trial court decided this matter on the pleadings; no other evidence was—or at that juncture could have been—offered.

{¶ 16} The Edwardses contend that the trial court, in relying on the unauthenticated waiver provided as Exhibit A to Adrenalin's answer, found that the waiver was the actual waiver used by Adrenalin, the waiver was the actual waiver Mr. Edwards had signed, and the signature on that waiver was in fact Mr. Edwards' signature. The Edwardses' assert the trial court "blindly trusted Adrenalin's contention that the attached document was what it purported to be." (Edwardses' Brief at 20.)

{¶ 17} The Edwardses' arguments are well-taken. In order to properly authentic the waiver, the trial court was required to consider evidence that the record demonstrates was not in the pleadings. Evidence establishing the authenticity of the waiver and Mr. Edwards' signature thereon could only have been presented either at trial or as a properly authenticated exhibit in a motion for summary judgment under Civ.R. 56(C). Consequently, we find that the trial court erred when it granted Adrenalin's motion for judgment on the pleadings based exclusively on an unauthenticated, and therefore inadmissible, document. The third assignment of error is sustained.

## C. First and Second Assignments of Error

{¶ 18} Because we have determined to reverse and remand based on the Edwardses' first assignment of error, the remaining assignments of error are moot and are considered no further.

## IV.   CONCLUSION

{¶ 19}  In our de novo review of the record, we hold the trial court's judgment on the pleadings in favor of Adrenalin was granted in error.  Having reviewed the allegations and making reasonable inferences from them in a light most favorable to the Edwardses as we are required to do by Civ.R. 12(C), we find that Adrenalin was not legally entitled to judgment on the pleadings.  We sustain the Edwardses' third assignment of error and decline to consider their first and second assignments of error, finding them to be moot. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to the trial court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BEATTY BLUNT and NELSON, JJ., concur.

_____